Pfandler Baun Bunging Apparatus Company agt. Pfandler *et al.*

---

## SUPREME COURT.

## PFANDLER BAUN BUNGING APPARATUS COMPANY, respondent, agt. CASPER PFANDLER *et al.*, appellants.

*Costs—When travel fees paid witness should be allowed—When stenographer's fees for copy of the evidence will not be allowed—Code of Civil Procedure, section 84.*

Where, at the time of the trial, the witness' permanent residence was in the city of Rochester, but, when subpœnaed, he was temporarily in the city of New York on business, and refused to attend unless he was paid the statutory travel fees, and the plaintiff paid him, he making an affidavit that he was obliged to travel from the city of New York to the city of Rochester for the purpose of attending the trial, and, after it was over, to return to New York:

*Held,* that the travel fees were properly allowed, and the plaintiff had a right to tax them.

The rule is to allow travel fees when paid to a witness in such cases, unless it appears that the party was in fault and guilty of negligence in omitting to serve the subpœna before the witness left his home, and, in view of the facts as disclosed, it was incumbent on the party resisting the allowance to show the fault of the party paying the travel fee.

Where the plaintiff procured from the reporter a copy of the evidence, whose fees were allowed as an item of disbursement in the bill of costs as taxed, and the affidavit as to the disbursements, which was made by the

Pfandler Baun Bunging Apparatus Company agt. Pfandler *et al.*

plaintiff's attorney, states that the items of disbursements set forth in the bill were "actually made and incurred," the trial judge made a certificate that, on the trial, he directed the stenographer's minutes to be furnished the court, and that the reporter's fees be taxed as a disbursement:

*Held,* that as it did not appear that the court used the copy procured by the plaintiff, or that it was obtained by him for that purpose, the item should have been disallowed.

*Fifth Department, General Term, October,* 1885.

AN appeal from an order of the Monroe special term, denying the defendants' motion for a retaxation of the plaintiff's costs.

The action was tried at the Monroe special term.

*J.* and *Q. Van Voorhies,* for appellants.

*Theodore Bacon,* for respondents.

BARKER, *J.*—The travel fees paid the witness Hawley were properly allowed. At the time of the trial the witness' permanent residence was in the city of Rochester. When subpoenaed he was temporarily in the city of New York on business. He refused to attend unless he was paid the statutory travel fees. The plaintiff thereupon complied with this demand and paid him $33.30. Hawley made an affidavit that he was obliged to travel from the city of New York to the city of Rochester for the purpose of attending the trial, and after it was over to return to New York.

Upon these facts and circumstances the parties submit the question as to the right of the plaintiff to tax the fees of the witness. We cannot say that the plaintiff was in fault in omitting to serve a subpoena on the witness at his permanent home before he left on business for the place where he was found and served. As it appears that the witness was compelled to make the journey in obedience to the demands of the process, it was just and proper for the plaintiff to indemnify him for his traveling expenses. The rule is to allow travel fee when paid to a witness in such cases, unless it appears that the

Pfandler Baun Bunging Apparatus Company agt. Pfandler *et al.*

party was in fault, and guilty of negligence in omitting to serve the subpœna before the witness left his home.

In view of the facts as disclosed, it was incumbent on the party resisting the allowance to show the fault of the party paying the travel fee (3 *Wait's Pr.*, 303; *Abb. N. Y. Dig.*, vol. 2, *p.* 413). The plaintiff procured from the reporter a copy of the evidence, whose fees amounted to $40.05, which was allowed as an item of disbursement in the bill of costs as taxed. The affidavit as to the disbursements was made by the plaintiff's attorney, and it states that the items of disbursement set forth in the bill were "actually made and incurred." The trial judge made a certificate in which he stated that, on the trial, he directed the stenographer's minutes to be furnished the court, and that the reporter's fees be taxed as a disbursement.

The defendant presented an affidavit that, at the close of the trial, he called for and procured a copy of the reporter's notes for which he paid. It does not appear that the court used the copy procured by the plaintiff, or that it was obtained by him for that purpose. For this reason that item should have been disallowed. The judge's direction to the stenographer for a copy of the minutes of the trial, did not direct that the fees be paid by either party, and it is, therefore, to be presumed, if a copy was, in fact, made for the use of the court, it was without any charge to be paid therefor (*Code of Civ. Pro.*, sec. 84).

The order is modified by directing the costs to be readjusted, striking out the item of $40.05 stenographer's fees, and striking out the allowance of costs to the respondents on the motion at special term.

No costs of this appeal to either party.